692 P.2d 350

**STATE of Idaho, Plaintiff-Respondent,**

v.

**David Lee MASON, Defendant-Appellant.**

**No. 14810.**

Supreme Court of Idaho.

Nov. 30, 1984.

Janice L. Kroeger and Gary W. Elliott, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

On February 1, 1982, David Lee Mason was charged, pursuant to I.C. § 18–2403(4),

with grand theft by possession of a 1979 Yamaha snowmobile. On February 9, 1982, Mason was also charged with accessory to grand theft of a 1977 Yamaha snowmobile, pursuant to I.C. §§ 18–205 and 18–2403(4). Following trial, a jury found Mason guilty on both counts. Mason was then sentenced to a four year indeterminate sentence in the Idaho Penitentiary for the first count and a concurrent two year indeterminate sentence for the second. Mason's motion for reduction of sentence was denied on November 30, 1982. Mason appeals only from his sentence. We affirm.

Mason first contends that a four year indeterminate sentence is unduly harsh in light of his age and past record. We disagree. The sentence imposed upon Mason is clearly within the statutory maximum set in I.C. § 18–2408 for grand theft by possession and in I.C. § 18–206 for accessory to grand theft. Although Mason was only eighteen at the time of his arrest, with a record consisting of minor traffic violations and a possession of marijuana charge, we decline to find the court's imposed sentence to be unreasonable. Not only was Mason in possession of one stolen snowmobile, but Mason had sought to obtain $500 from the rightful owners of the second snowmobile for information leading to its return. The presentence report included information showing that Mason was involved with marijuana and cocaine; that Mason offered to sell a stolen snowmobile to a neighbor; that when this offer was reported to the police, Mason began to harass the neighbor; and that a letter written by Mason outlined Mason's involvement in a number of criminal activities. In light of these factors, it was reasonable for the trial court to conclude that Mason was "well on [his] way to becoming a hardened criminal ...," and to sentence him accordingly.

Mason also contends that the trial judge improperly relied on hearsay evidence during sentencing. The evidence to which Mason objects is the letter written by Mason outlining his involvement in crim-

inal activities and an allegation by the neighbor that Mason had poured glue on their walks and rock salt on their lawn. The original presentence report was supplemented with these items. Although the presentence report originally recommended that the court retain jurisdiction over Mason for 120 days, the trial judge refused to retain jurisdiction after the presentence report was supplemented. Mason alleges that the trial judge's reliance on these supplemental items resulted in prejudicial error.

The legislature has specifically authorized admission of hearsay evidence for sentencing purposes in the form of a presentence investigation report. I.C. § 20–220. Hearsay evidence in this form is admissible at a sentencing hearing so long as the defendant is afforded an opportunity to present favorable evidence and to explain or rebut adverse evidence. *State v. Johnson*, 101 Idaho 581, 583, 618 P.2d 759, 761 (1980); *State v. Moore*, 93 Idaho 14, 17, 454 P.2d 51, 54 (1969). Here, Mason had an opportunity to respond to these allegations during the sentencing hearing. At that time Mason explained the letter as "a joke" and denied having harassed the neighbor. Since Mason had an opportunity to respond to the allegations against him, the admission of the supplemental information was proper. Accordingly, we find no error in Mason's sentencing.

DONALDSON, C.J., and SHEPARD and HUNTLEY, JJ., concur.

BISTLINE, Justice, dissenting.

### I.

My first vote is that the Court not make its decision in this case until it has received the benefit of oral argument.

### II.

The defendant makes no challenge to the verdict of the jury—nor to the judgment of conviction entered upon the verdict. The sole issue on appeal is the harshness of the sentence, plus the assertion that the harsh-

ness is partly attributable to hearsay evidence submitted to the court, and forthrightly mentioned in the opinion of the Court. The majority sees no problem because so it is said, "The legislature has specifically authorized admission of hearsay evidence for sentencing purposes ...," so long as such hearsay is encompassed "in the form of a pre-sentence report." I.C. § 20–220. This is strange language coming from the same majority of the Court which has recently declared that this Court will shortly be the promulgator of all rules of evidence. Moreover, my reading of § 20–220 shows no mention of hearsay. What is true is that the Court's opinions have authorized hearsay, even in the field of capital sentencing, a due process flaw which has been lamented by both Justice Huntley and myself. As I pointed out some years ago, when the earlier opinions of this Court authorized the reception of hearsay, it was solely for the benefit of those defendants who were seeking probation. But times and the changing of the Court's membership have changed all that. Nowadays, pre-sentence reports abound with hearsay; and, such hearsay is used to the detriment of the defendant, even where the defendant does not seek probation. Here the pre-sentence investigator, with the signed approval of a district manager wrote a letter to the district judge, telling the judge what he, the pre-sentence investigator, had heard from a Sharon Ryen, the contents of that letter being appended. A day later, the pre-sentence investigator sent another letter to the judge, also appended. Those who read the letters will feel some concern as to the pre-sentence investigator's apparent advocacy and non-impartiality.

With all due respect to my brethren's point of view and philosophy, I am unable to see the use of such hearsay as not violative of due process of law. That is a general statement. In this particular case, the court's sentencing hearing took place on the 15th—allowing defense counsel one day to attempt any meaningful refutation of inferred guilt of other crimes and misconduct by hearsay accusation. The pre-

sentence investigator's informant, Sharon Ryen, may not have been known to the district judge. But the judge did remark: "I also happen to know the Ryens a little bit, I went to school with Kenny Ryen and I don't think that they lie."

Defense counsel, who well represented a defendant who undoubtedly was far from being a model 18-year-old, rather eloquently says of the foregoing in his brief:

> As to the letter allegedly admitting some crimes by David Mason, the judge took this letter as the truth, even though David denied the truth of the letter.
>
> From all the facts and statements made by Judge Haman on the record at sentencing, it is apparent that before the two (2) supplemental reports were added to the Pre-Sentence Investigation that David was heading for Cottonwood on a retained jurisdiction. But, because the Judge believed both the hearsay letter and the neighbor's statements, David Mason was highly prejudiced.
>
> Although it is apparent that the criminal sentencing process is a difficult one, the fact is, totally unsupported hearsay at the sentencing caused David Mason's sentence to be considerably lengthened. It is even more unfair that the Judge believed the neighbor's story mainly on the basis that he himself knew these people. Would he have believed the story if he did not know the Ryens?
> Appellant's Brief, pp. 10–11.

Defense counsel in this case, and others similarly serving defendants, cannot help but be demoralized at the message the Court this day sends out.

## III.

Admittedly, my review of the record does not convince me that the sentence was unduly harsh, although, as I have said on earlier occasions, two years in the main yard might as well have served the purposes of society and an 18-year-old defendant who had no prior felony convictions. As is evident, my concern here is primarily

with the prolific use of hearsay, which hearsay was obviously bolstered by the dis- trict judge's belief that the informant was of a family which did not lie.

## APPENDIX

# STATE OF IDAHO

## DEPARTMENT OF CORRECTION
### Division of Probation and Parole

P.O. Box 566
218 North 23rd Street
Coeur d'Alene. ID 83814

September 13, 1982

The Honorable Gary M. Haman
Judge, First Judicial District
Kootenai County Courthouse
Coeur d'Alene, ID 83814

RE: MASON, David Lee
    Case Number F 34886 & F 34950

Dear Judge Haman:

A presentence report on the above referenced individual was submit- ted to your court on 9/7/82. This letter is a supplement to that presentence report.

On 9/13/82 this officer received a telephone call from Sharon Ryen. She is a next door neighbor of the above referenced defendant, and she originally reported the defendant to the police for being in possession of a stolen snowmobile. Her relationship with the defendant since she made that report is discussed at length in the Investigator Comment Section of the report already submitted. During our telephone conversation she reported that the defendant was seen in his yard at 4:00 A.M. on 9/12/82. Later that day they discovered large amounts of salt had again been placed on their lawn and shrubs. She feels the damage to their property will be much greater this time, as it rained on the salt before it could be vacumed up. They are at present trying to reduce this damage by continually watering their lawn heavily. On 9/13/82 they discovered that glue had been placed in the door locks and the gas tank cover lock of their pickup, and they are now unable to get into the vehicle. A report of these crimes has been made to the police authorities. She further reported that on 9/12/82 the defendant pulled up along side them while they were stopped in traffic, opened his window, laughed like mad, and then sped away.

Mrs. Ryen states that she has lived in that neighborhood for seven years, and has had no trouble with vandalism prior to reporting the defendant to authorities, and feels strongly that he is responsible for all the vandalism occured to their property since that time.

If the defendant is guilty of these reoccuring acts of vandalism, it is this officer's opinion they would further indicate the defendant's lack of remorse, and that his continuing animosity would indicate that he is not a good candidate for retained jurisdiction by the court at this time.

Respectfully submitted,

WAYNE W. LEE
Presentence Investigator

Approved by:

David Mallery
District Manager

WWL:pm

cc: Peter Erbland
    Gary Elliot
    File

# STATE OF IDAHO

## DEPARTMENT OF CORRECTION
Division of Probation and Parole

P O. Box 566
218 North 23rd Street
Coeur d'Alene, ID 83814

SEP 15 1982

September 14, 1982

The Honorable Gary M. Haman
Judge, First Judicial District
Kootenai County Courthouse
Coeur d'Alene, ID 83814

RE: MASON, David Lee
    Case Number F 34886 & F 34950

Dear Judge Haman:

A presentence report on the above referenced individual was submitted to your court on 9/7/82. This is the second supplemental letter to that presentence report.

On this date, I was informed by officials a search of the defendant's home was conducted on 9/13/82. Drug paraphenalia was seized, as well as marijuana seeds, and a letter written by the defendant which implicates him in other crimes.

This letter was apparently written for the authorities in case of the defendant's death, as he states in the letter his life has been threatened by one Johnny Nelson. He states he previously committed crimes for Nelson which included Grand Theft and Injury and Destruction of Other Persons Property. It is my understanding the defendant is presently being charged with misdemeanor Malicious Injury to Property and misdemeanor drug related charges and that he will be charged with additional felony crimes in the future as the result of information contained in the letter which was seized. A copy of that letter is attached for the court's consideration.

This recently received information is evidence the defendant was not truthful with this investigator during the presentence investigation, or with other law enforcement authorities during previous investigations. He is currently refusing to cooperate with the Prosecutor's office regarding the new charges and investigations. It is apparent he is not remorseful, and has not begun the process of rehabilitation.

As a result of the above, it is my opinion the defendant would not be able to successfully complete a period of probation, nor should he be considered a candidate for a retained jurisdiction.

Respectfully submitted,

WAYNE W. LEE
Presentence Investigator

Approved by:

for David Mallery
District Manager

WWL:pm

Attachments

cc: File
    Prosecutor
    Defense