77 P.3d 487

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Amanda Christine GOODLETT,
Defendant–Appellant.**

No. 28796.

Court of Appeals of Idaho.

Aug. 11, 2003.

Molly J. Huskey, State Appellate Public Defender; Eric Don Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Amanda Christine Goodlett appeals from the order of the district court relinquishing jurisdiction and remanding her to the custody of the Idaho State Board of Correction for execution of her sentence. She contends that the district court erred by relinquishing jurisdiction without affording her the opportunity to explain or rebut the information contained in a Department of Correction report on her performance during retained jurisdiction. She also appeals the denial of her Idaho Criminal Rule 35 motion for modification of her sentence. We affirm in part, vacate in part, and remand for further proceedings.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Goodlett pleaded guilty to possession of methamphetamine, Idaho Code 37–2732(c), and was sentenced to a unified term of six years, with three years determinate. The district court suspended the sentence and placed Goodlett on probation for a term of four years. Approximately eighteen months later, Goodlett admitted to having violated her probation terms, and the district court revoked her probation. However, the court retained jurisdiction for 180 days pursuant to I.C. § 19*2601(4), and Goodlett was placed in the South Boise Women's Correctional Center (SBWCC).

Two months into the retained jurisdiction program, the SBWCC submitted to the district court an "addendum to the presentence investigation report" (APSI), recommending that the court relinquish jurisdiction early. This recommendation was based on Goodlett's repeated behavioral problems while at SBWCC, which resulted in three disciplinary offense reports, three alternative sanctions, two written warnings, and six verbal warnings. Without conducting a hearing, the district court entered an order relinquishing jurisdiction and remanded Goodlett to the custody of the Idaho Board of Correction for execution of her sentence.

Goodlett then filed an I.C.R. 35 motion seeking placement on probation or reinstatement to the retained jurisdiction program or, in the alternative, a reduction of her sentence. The motion was denied by the district court without a hearing. Goodlett appeals from the order relinquishing jurisdiction and from the denial of her Rule 35 motion.

## II.

### ANALYSIS

#### A. Relinquishing Jurisdiction

When a defendant has been convicted of a felony in this state, other than treason or murder, the trial court is empowered by I.C. § 19–2601(4) to retain jurisdic-

tion for 180 days after sentencing. During this period, the defendant is placed in the custody of the Department of Correction for purposes of evaluating the defendant's rehabilitative potential and suitability for probation. *Thorgaard v. State,* 125 Idaho 901, 904, 876 P.2d 599, 602 (Ct.App.1994); *Free v. State,* 125 Idaho 760, 762, 874 P.2d 571, 573 (Ct.App.1993). Before the end of the retained jurisdiction period, personnel of the correctional facility prepare a report regarding the defendant's performance in the program, which is submitted to the sentencing court. I.C. § 19–2601(4). This report is purely advisory and is not binding on the court. *State v. Smith,* 123 Idaho 290, 293, 847 P.2d 265, 268 (Ct.App.1993). Upon receipt of the report, the court may suspend the sentence and place the defendant on probation or may relinquish jurisdiction over the defendant, thereby allowing execution of the original sentence of imprisonment. If jurisdiction is relinquished, the court may also reduce the sentence at that time. *Thorgaard,* 125 Idaho at 904, 876 P.2d at 602; *Free,* 125 Idaho at 762, 874 P.2d at 573; *McDonald v. State,* 124 Idaho 103, 105, 856 P.2d 893, 895 (Ct.App.1992).

■ In *State v. Wolfe,* 99 Idaho 382, 385, 582 P.2d 728, 731 (1978), the Idaho Supreme Court held that, as a matter of due process, prisoners were entitled to a hearing at the correctional facility to address matters that would be considered in development of the report to the court. *Id.* In 1995, however, the Idaho legislature amended the statute governing the retained jurisdiction program to add a proviso that the Department of Correction and its agents would not be required to hold a hearing of any kind with respect to its report and recommendations to the court. 1995 Idaho Sess. Laws, ch. 247, § 1 at 818. There existed tension between this statutory amendment and the constitutional requirements articulated in *Wolfe* and its progeny until the Idaho Supreme Court issued its decision in *State v. Coassolo,* 136 Idaho 138, 30 P.3d 293 (2001). In *Coassolo,*

the Court reevaluated whether the retained jurisdiction statute created a protected liberty interest that necessitated due process protections for prisoners with respect to preparation of the correctional facility's report to the court. In this reevaluation, the Supreme Court overruled *Wolfe* and held that an inmate's hope or expectation of probation at the conclusion of the retained jurisdiction period was not a liberty interest protected by the Due Process Clause. Therefore, the Court held, there exists no constitutional requirement of a hearing either at the correctional facility or in the trial court before the court determines whether to relinquish jurisdiction or to place the defendant on probation. *Id.* at 143, 30 P.3d at 298. Thus, since *Coassolo,* it has been clear that the defendant need not be given a hearing at the correctional facility nor before the sentencing court prior to a court's decision on relinquishment of jurisdiction.

■ Despite the Supreme Court's holding in *Coassolo,* Goodlett contends that the district court abused its discretion by relinquishing jurisdiction without affording her the opportunity to respond to the comments made in the APSI.[1] This argument is based upon a statement in the *Coassolo* opinion that "[i]n the interest of fair judicial process, the district court judge should also receive any response the defendant may choose to make to the [correctional facility's] recommendation." *Id.* at 143, 30 P.3d at 298. Goodlett asserts that this statement imposes a duty upon the trial court to give a defendant an opportunity to make a written response to the facility's report before the court decides whether to relinquish jurisdiction.

We do not attribute to this language the effect that is urged by Goodlett. This statement in *Coassolo* is not a directive that district courts must afford a defendant such an opportunity. Rather, it is a directive to the facility holding the defendant to forward to the district court any written response that

1. The State argues that Goodlett's premise that she did not receive a copy of the APSI, and therefore had no opportunity to respond to it, is inaccurate because the APSI indicates that a copy was sent to defense counsel. For purposes of this opinion, we will assume, *arguendo,* that Goodlett did not receive a copy of the APSI within time to submit a response in advance of the court's decision relinquishing jurisdiction.

may have been prepared by a defendant. The *Coassolo* statement does not, however, require the facility to extend to a defendant the opportunity to make such a response. Were we to give this single sentence in *Coassolo* the effect urged by Goodlett, it would contravene the express holding of *Coassolo* that inmates have *no* due process right to any procedural safeguard in connection with the facility's recommendation or the court's decision whether to grant probation or to relinquish jurisdiction. Accordingly, *Coassolo* requires that the correctional facility forward an inmate's written response to the district court only where the defendant has already prepared such a response.

■ Goodlett also presents a second, independent rationale for her position that the district court was required to give her an opportunity to be heard before the court acted upon the recommendations in the APSI. In the 1995 amendment to I.C. § 19–2601(4), the legislature provided that the correctional facility's report to the sentencing court is to be "in the nature of an addendum to the presentence report." Goodlett contends that this statutory characterization of the report means that the APSI is subject to the requirement, otherwise applicable to presentence investigation reports (PSIs), that the defendants have an opportunity to counter or explain hearsay information.

■ The Idaho Rules of Evidence do not apply to sentencing hearings, I.R.E. 101(e)(3); Idaho Criminal Rule 32(e). However, hearsay evidence in a PSI may be considered by the court only if "the defendant is afforded an opportunity to present favorable evidence and to explain or rebut the adverse information." *State v. Mauro*, 121 Idaho 178, 183, 824 P.2d 109, 114 (1991) (quoting *State v. Eubank*, 114 Idaho 635, 637, 759 P.2d 926, 928 (Ct.App.1988)); *State v. Mason*, 107 Idaho 706, 707, 692 P.2d 350, 351 (1984); *State v. Rodriguez*, 132 Idaho 261, 263, 971 P.2d 327, 329 (Ct.App.1998). Goodlett reasons that because the APSI was a part of the PSI, and because hearsay evidence in a PSI may be considered only if the defendant receives an opportunity to challenge the hearsay information, it was error for the district court to rely on the APSI

without giving Goodlett an opportunity to address its contents.

Given that the Idaho Supreme Court held in *Coassolo* that a defendant is *not* entitled to a hearing before the sentencing court relinquishes jurisdiction and thus will have no opportunity to rebut or explain the information contained in the APSI, it may be argued that there is a conflict between *Coassolo* and *Mauro* and its progeny. This conflict is readily resolved, however, by recognition that *Coassolo* is the more recent of the two opinions and therefore controls with respect to any conflict between the two cases. *Coassolo* unambiguously holds that a defendant is not entitled to an opportunity to respond to information in an APSI upon a review of retained jurisdiction. In view of *Coassolo, Mauro* can have no application when the hearsay information is contained in an APSI prepared in the retained jurisdiction program. Therefore, the district court committed no error by considering hearsay information in the APSI when making its determination to relinquish jurisdiction.

## B. Rule 35 Motion

Although inmates have no right to present a written statement to the court before the court decides whether to relinquish jurisdiction, they are not without an opportunity to address the court on the issue *after* an initial relinquishment decision has been made. Within 120 days after a court relinquishes retained jurisdiction, the inmate may file a motion for reconsideration of the sentence pursuant to Idaho Criminal Rule 35. We have recently held that Rule 35 confers upon the trial court authority to reconsider an order relinquishing jurisdiction and, if the court finds it appropriate, to place the defendant on probation notwithstanding having initially ordered a sentence of imprisonment into execution. *State v. Knutsen*, 138 Idaho 918, 71 P.3d 1065 (Ct.App.2003), *review denied.* Therefore, a defendant may use a Rule 35 motion as recourse if the trial court relinquishes jurisdiction on the basis of an APSI to which the defendant had no chance to respond.

■ That is precisely what Goodlett did in this case. Following the district court's decision to relinquish jurisdiction, she filed a timely Rule 35 motion, specifically asking the court to reconsider the relinquishment decision and to place her on probation or to reinstate her to the retained jurisdiction program. She supported this motion with her own affidavit and those of four persons who were housed with Goodlett at the SBWCC during her retained jurisdiction period. These affidavits disputed many statements in the APSI and contained allegations that Goodlett was treated more harshly than other inmates and was singled out for disciplinary actions for conduct that other inmates engaged in without reprimand. Thus, Goodlett took the opportunity afforded by Rule 35 to place before the court her challenge to the accuracy of the APSI and the validity of its recommendations. In acting on Goodlett's Rule 35 motion the district court did not have the benefit of our recent decision in *Knutsen* and consequently held, based upon comments in earlier decisions that were disapproved in *Knutsen*, that Rule 35 did not provide a vehicle by which the court could reconsider the order relinquishing jurisdiction.

■ A motion for modification of a sentence under Rule 35 is committed to the trial court's discretion. *State v. Arambula*, 97 Idaho 627, 630, 550 P.2d 130, 133 (1976); *State v. Lopez*, 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App.1984). In reviewing a discretionary decision on appeal, we seek to determine whether the trial court correctly perceived the issue as one of discretion, acted within the bounds of such discretion and consistently with applicable legal standards, and reached the decision by an exercise of

reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Here, the district court did not correctly perceive the scope of its discretion, as determined in *Knutsen*, when it acted upon Goodlett's motion. Therefore, we must remand the matter to the district court for reconsideration of Goodlett's Rule 35 motion in light of our decision in *Knutsen*.

### III.

### CONCLUSION

The trial court did not err by rendering a decision to relinquish jurisdiction without affording Goodlett the opportunity to respond to the APSI or to contest any hearsay statements contained in the report. Accordingly, the order of the court relinquishing jurisdiction over Goodlett is affirmed.

The district court did err, however, in holding that it lacked authority under I.C.R. 35, to reconsider the relinquishment decision and to place Goodlett on probation. Therefore, we vacate the district court's order denying Goodlett's Rule 35 motion and remand for the district court to again exercise its discretion on Goodlett's request for reconsideration of the order relinquishing jurisdiction.

Judge PERRY and Judge GUTIERREZ concur.