**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36975**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 441 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 29, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DUSTY DEAN SLEGERS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order relinquishing jurisdiction, affirmed.

Greg S. Silvey, Kuna, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Dusty Dean Slegers pled guilty to unlawful possession of a firearm. Idaho Code § 18-3316. The district court sentenced Slegers to a determinate term of five years to run consecutive with a ten-year sentence in another case, and the district court retained jurisdiction. Following a period of retained jurisdiction, the district court relinquished jurisdiction. Slegers appeals asserting that the district court abused its discretion by relinquishing jurisdiction without a hearing or an opportunity for him to comment.

The district court was not required to conduct a hearing, or provide Slegers an opportunity to respond to the North Idaho Correctional Institution's recommendation, and did not abuse its discretion in failing to do so. *State v. Coassolo*, 136 Idaho 138, 30 P.3d 293 (2001); *State v. Goodlett*, 139 Idaho 262, 77 P.3d 487 (Ct. App. 2003).

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Slegers has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

The trial court, upon relinquishing jurisdiction, is authorized under Idaho Criminal Rule 35 to reduce the sentence. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the district court's order relinquishing jurisdiction, is affirmed.