**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37039/37040**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 511** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 17, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DUSTY DEAN SLEGERS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Orders relinquishing jurisdiction and executing original sentences, without modification, and orders denying Idaho Criminal Rule 35 motions for reduction of sentence, <u>affirmed</u>.

Greg S. Silvey, Kuna, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

In Docket No. 37039, Dusty Dean Slegers pled guilty to two counts of unlawful possession of a firearm by a felon. Idaho Code § 18-3316. The district court imposed a sentence of five years determinate on Count I, and a consecutive unified sentence of five years with three years determinate on Count II. In Docket No. 37040, Slegers pled guilty to possession of a controlled substance (methamphetamine). Idaho Code § 37-2732(c)(1). The district court imposed a sentence of seven years determinate to run consecutive to the sentences imposed in Docket No. 37039. The district court retained jurisdiction in both cases but following the recommendation of the North Idaho Correctional Institution (NICI), relinquished jurisdiction three months later. Slegers filed an Idaho Criminal Rule 35 motion in both cases and the district

1

court denied both motions. Slegers appeals asserting that the district court abused its discretion by relinquishing jurisdiction, without a hearing or an opportunity for him to comment. Slegers further appeals asserting that the district court abused its discretion by denying his motion to reconsider relinquishment of jurisdiction and/or to reduce his sentence, in light of new information, without a hearing or an opportunity to present evidence.

The district court was not required to conduct a hearing, or provide Slegers an opportunity to respond to the NICI's recommendation, and did not abuse its discretion in failing to do so. *State v. Coassolo*, 136 Idaho 138, 30 P.3d 293 (2001); *State v. Goodlett*, 139 Idaho 262, 77 P.3d 487 (Ct. App. 2003).

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Slegers has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

The trial court, upon relinquishing jurisdiction, is authorized under I.C.R. 35 to reduce the sentence. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the

motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Slegers' Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, the district court's orders relinquishing jurisdiction and denying Slegers' Rule 35 motions are affirmed.