## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 36738

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 581** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 5, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JON JAMES MOSELEY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Orders relinquishing jurisdiction and denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Fuller Law Offices, Daniel S. Brown, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rosemary Emory, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

Jon James Moseley pled guilty to grand theft. Idaho Code §§ 18-2403(1), 18-2407(1)(b)(1). The district court sentenced Moseley to four years with two years determinate, but suspended the sentence and placed him on supervised probation for a period of three years. Subsequently, Moseley admitted to violating several terms of the probation and the district court consequently revoked probation, ordered execution of the original sentence, and retained jurisdiction. Prior to the expiration of the period of retained jurisdiction, the district court relinquished jurisdiction after receiving a recommendation from the North Idaho Correctional Institution. Moseley filed an Idaho Criminal Rule 35 motion which the district court denied. Moseley appeals asserting that the district court denied his due process rights by relinquishing jurisdiction without a hearing and abused its discretion by denying his Rule 35 motion.

1

Moseley's claim that he had a protected liberty interest in the preparation of the report from the North Idaho Correctional Institution to the district court is without merit. *State v. Ditmars*, 98 Idaho 472, 474, 567 P.2d 17, 19 (1977). Moseley's claim that existing law relative to a protected liberty interest should be overturned is not supported by an argument or authority. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). The district court was not required to conduct a hearing, or provide Moseley an opportunity to respond to the North Idaho Correctional Institution's recommendation, and did not abuse its discretion in failing to do so. *State v. Coassolo*, 136 Idaho 138, 30 P.3d 293 (2001); *State v. Goodlett*, 139 Idaho 262, 77 P.3d 487 (Ct. App. 2003).

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Moseley has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Moseley's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the district court's orders relinquishing jurisdiction and denying Moseley's Rule 35 motion are affirmed.