# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41375

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 582** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 23, 2014** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KYLE J. REID,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Kyle J. Reid pled guilty to felony injury to a child, Idaho Code § 18-1501(1). The district court imposed a unified term of eight years, with a minimum period of confinement of two years, and retained jurisdiction. The district court ultimately relinquished jurisdiction. Reid filed a timely Rule 35 motion for reduction of sentence, which the district court denied. Reid subsequently filed a second Rule 35 motion for correction of a sentence imposed in an illegal manner, which the district court also denied. Reid appeals from the denial of his second Rule 35 motion.

Reid argues that the district court abused its discretion by denying his Rule 35 motion for correction of a sentence imposed in an illegal manner because the court did not conduct a hearing

1

or otherwise give him an opportunity to respond to the addendum to the presentence investigation report (APSI). In his opening brief, Reid acknowledges that he did not have a due process right to respond to the APSI. *State v. Goodlett*, 139 Idaho 262, 265, 77 P.3d 487, 490 (Ct. App. 2003). He also acknowledges that there exists no constitutional requirement of a hearing either at the correctional facility or in the trial court prior to the relinquishment of jurisdiction. *State v. Coassolo*, 136 Idaho 138, 141, 30 P.3d 293, 296 (2001). Reid nevertheless maintains that the district court erred in failing to hold a hearing at which Reid would have had an opportunity to correct any inaccuracies in the APSI. Where the district court was not required to hold a hearing or invite Reid's response to the APSI before relinquishing jurisdiction, Reid has failed to establish that the court erred by not doing so.

Accordingly, Reid has failed to establish any error in the district court's denial of his Rule 35 motion. The order of the district court denying Reid's Rule 35 motion is affirmed.