**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43364**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 510** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 29, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOHNNY RAY ANDOE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Robert J. Elgee, District Judge.

Order denying Idaho Criminal Rule 35(a) motion to correct an illegal sentence, affirmed.

Johnny Ray Andoe, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Johnny Ray Andoe appeals from the district court's order denying his Idaho Criminal Rule 35 motion to correct an illegal sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Andoe entered *Alford*[1] pleas to second degree kidnapping, Idaho Code §§ 18-4501(1), 18-4503, and felony domestic battery, I.C. §§ 18-918, 18-903(a). In exchange for his guilty pleas, the State dismissed additional charges and recommended retained jurisdiction and a unified sentence of twenty years with ten years determinate. The plea agreement stated, "Should the Court exceed the suspended sentence . . . or should the Court impose a sentence other than probation or retained jurisdiction, the Defendant shall be entitled to withdraw his plea." The

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

district court sentenced Andoe to a unified term of twenty years with ten years determinate for second degree kidnapping and ten years determinate for felony domestic battery. The determinate kidnapping and battery sentences were to run concurrently. The court suspended the sentences and retained jurisdiction. Following the period of retained jurisdiction, the court relinquished jurisdiction. The court stated:

> Because of the background and character of the defendant, including but not limited to his criminal history, and based upon the PSI and PSI Addendum, it appears that probation is not a viable option at this point in time, and jurisdiction is relinquished. The defendant by his behavior in the rider program and specifically the sex offender assessment group indicates that he is a risk to himself and his ex-wife the victim in the instant charges. It is apparent that the defendant is in need of mental health treatment in a structured environment and that such treatment is available in the correctional setting. It is apparent that the defendant is unable to comply with the requirements of his programming to address his criminal thinking and behavior as well as his risk to the community based on the psychosexual evaluation prepared for disposition as well as his inability to meaningfully participate in the sex offender assessment group. The defendant has failed to demonstrate to this court that he would be compliant with the requirements of supervised probation and that his behavior is such that he remains a significant risk to society and his ex-wife based on his history. The defendant's participation in the rider program has not served the purpose of rehabilitation.

Over the next several years, Andoe filed numerous motions and petitions, including two Rule 35 motions to correct an illegal sentence. The district court denied both Rule 35 motions, holding in both instances that Andoe's sentences were legal on the face of the record. This Court affirmed the district court on both motions. *See State v. Andoe*, Docket No. 41769 (Ct. App. Oct. 2, 2014) (unpublished); *State v. Andoe*, Docket No. 39023 (Ct. App. Apr. 5, 2012) (unpublished).

Andoe filed another Rule 35 motion to correct an illegal sentence, which is the subject of this appeal and which the district court denied. Andoe timely appeals the denial of his motion.

## II.

## ANALYSIS

Andoe asserts that his conviction and sentences are illegal and should be vacated. Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary

hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147. Whether a sentence is illegal is a question of law that is freely reviewed by this Court on appeal. *Id.* at 84, 218 P.2d at 1145.

Andoe asserts his conviction and sentences are illegal because the district court relinquished jurisdiction without allowing him to appear at a hearing or rebut information in the Addendum to the Presentence Investigation Report (APSI), the court's decision to relinquish jurisdiction violated his plea agreement, and the court relinquished jurisdiction based solely on its belief that he suffered from a mental defect.

Andoe's arguments do not actually contest the legality of his sentences. Rather, they challenge the district court's decision to relinquish jurisdiction and the validity of his plea agreement. Thus, Andoe's arguments are a collateral attack on the district court's decision to relinquish jurisdiction and beyond the scope of a Rule 35 motion. Moreover, Andoe's sentences are legal on the face of the record. Reaching the merits of Andoe's arguments would require this Court to look beyond the face of the record and conduct significant fact finding to determine the circumstances surrounding the district court's decision to relinquish jurisdiction. We will not do so in response to a Rule 35 motion to correct an illegal sentence.[2] Andoe's sentences are well

---

[2] Even if we could here consider Andoe's arguments, they fail on their merits. First, the Idaho Supreme Court has held defendants are not entitled to a hearing or an opportunity to rebut information in an APSI before the district court relinquishes jurisdiction. *State v. Coassolo*, 136 Idaho 138, 141-143, 30 P.3d 293, 296-298 (2001); *State v. Goodlett*, 139 Idaho 262, 263-265, 77 P.3d 487, 488-490 (Ct. App. 2003). Second, the district court's decision to relinquish jurisdiction did not violate Andoe's plea agreement. The court complied with the plea agreement by sentencing Andoe to a unified sentence of twenty years with ten years determinate (in which the kidnapping and battery sentences were to run concurrently) and retaining jurisdiction. Although the plea agreement prevented the court from refusing to retain jurisdiction at sentencing, it did not prevent the court from relinquishing jurisdiction after the period of retained jurisdiction. Finally, the court's comments when it relinquished jurisdiction show the court

3

within the statutory limits for his crimes and are not otherwise contrary to applicable law. Accordingly, Andoe's sentences are not illegal and the district court correctly denied Andoe's Rule 35 motion.

## III.

## CONCLUSION

Andoe's arguments are beyond the scope of a Rule 35 motion and Andoe's sentences are legal on the face of the record. The district court's order denying Andoe's Rule 35 motion is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

---

properly considered the information in the APSI and determined Andoe had not been rehabilitated and posed a risk to society and therefore, probation was not appropriate.