**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43882 & 43883**

| | |
|---|---|
| **STATE OF IDAHO,** | ) 2016 Unpublished Opinion No. 701 |
| | ) |
| **Plaintiff-Respondent,** | ) Filed: September 22, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| **JOSEPH JOHN JANUSZ,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Joseph John Janusz appeals from the district court's order relinquishing jurisdiction. We affirm.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

Janusz pleaded guilty to possession of a controlled substance, methamphetamine and/or amphetamine, Idaho Code § 37-2732(c)(1), and grand theft by possession of stolen property, I.C. §§ 18-2403(4), 18-2407(1), 18-2409. The district court imposed a unified six-year sentence, with three years determinate, and a unified eight-year sentence, with three years determinate, respectively. The district court retained jurisdiction and Janusz was sent to participate in the rider program. Janusz did not perform well during his period of retained jurisdiction, resulting in

1

a recommendation from the Idaho Department of Correction for the district court to relinquish jurisdiction. The recommendation notice stated, in part:

> A final APSI report is being prepared and will be sent to the court and attorneys in this case. You have the right to submit a written response to the APSI, and may do so by directly writing to your judge. You are not obligated to do so, but if you choose to write to the Judge, make sure you include your full name, the name of the case (crime) and the case number. You may also wish to bring your concerns to the attention of your attorney or the court in person, during a rider review hearing, if one is scheduled in your case.

Following this advice, on November 7, 2015, Janusz sent a letter to the district court explaining the circumstances of the disciplinary offense which was part of the basis for the recommendation to relinquish jurisdiction and why he felt he should be given an opportunity on probation. On November 9, 2015, the court entered orders in both cases and relinquished jurisdiction. On November 17, 2015, a deputy district court clerk sent Janusz a letter stating the court "is unable to review ex parte communications from any party to a case" and "therefore cannot take any actions based upon your letter."

Janusz appeals, claiming the district court erred by refusing to review his letter prior to relinquishing jurisdiction and in refusing to place him on probation. He also argues his sentence is excessive and constitutes an abuse of discretion.

## II.

## ANALYSIS

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Janusz recognizes he does not have a liberty interest in the hope or expectation of probation following a period of retained jurisdiction, but asserts where the Idaho Department of Correction provided him the opportunity to address the district court, the court abused its discretion in failing to consider the document he sent before relinquishing jurisdiction.

Neither *State v. Coassolo*, 136 Idaho 138, 30 P.3d 293 (2001) nor *State v. Goodlett*, 139 Idaho 262, 77 P.3d 487 (Ct. App. 2003) support such a proposition. *Goodlett* specifically noted

2

the "express holding of *Coassolo* that inmates have *no* due process right to any procedural safeguard in connection with the facility's recommendation or the court's decision whether to grant probation or to relinquish jurisdiction." *Goodlett*, 139 Idaho at 265, 77 P.3d at 490. *Goodlett* further noted, "*Coassolo* unambiguously holds that a defendant is not entitled to an opportunity to respond to information in an APSI upon a review of retained jurisdiction." *Id.* Thus, Janusz had no due process right to have the district court review his letter prior to relinquishing jurisdiction and did not err in relinquishing jurisdiction without reviewing the letter.

## III.
## CONCLUSION

We hold that Janusz has failed to show that the district court abused its discretion in relinquishing jurisdiction. The order of the district court relinquishing jurisdiction and Janusz's sentences are affirmed.