**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44112**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 378** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  February 22, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOEL SCOTT THORNE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Bradly S. Ford, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Joel Scott Thorne pled guilty to felony injury to children.  I.C. § 18-1501(1).  The district court sentenced Thorne to a unified term of seven years, with a minimum period of confinement of two years.  The district court retained jurisdiction, and Thorne was sent to participate in the rider program.

Prior to Thorne's completion of his rider, the district court relinquished jurisdiction. Thorne appeals, claiming that the district court erred by relinquishing jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district

1

court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

On appeal, Thorne argues that the district court abused its discretion when it relinquished jurisdiction because allegations against Thorne regarding his conduct during his rider were not proven to the district court. However, neither the Department of Corrections nor the district court is required to afford Thorne a hearing before the district court exercises its discretion to relinquish jurisdiction. *See State v. Coassolo*, 136 Idaho 138, 143, 30 P.3d 293, 298 (2001); *State v. Goodlett*, 139 Idaho 262, 264, 77 P.3d 487, 489 (Ct. App. 2003). Although the district court should receive any response a defendant should choose to make to a facility's recommendation, this is not a directive that district court must afford a defendant such an opportunity. *Goodlett*, 139 Idaho at 264-65, 77 P.3d at 489-90. The facility is not required to extend to a defendant the opportunity to make such a response. *Id*. Therefore, if Thorne wished to challenge the allegations or the relinquishment recommendation, he needed to do so while he was in custody (via a written response) or before the district court (via a letter or an I.C.R. 35 motion). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Thorne has failed to show that the district court abused its discretion in relinquishing jurisdiction.

The order of the district court relinquishing jurisdiction and Thorne's sentence are affirmed.