# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45670

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

DAVID KIRT HOSKINS,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: September 25, 2018

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Lara E. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

    David Kirt Hoskins pled guilty to injury to jail or other place of confinement. I.C. § 18-7018. In exchange for his guilty plea, additional charges were dismissed including an allegation that he was a persistent violator. After Hoskins failed to appear for sentencing, the district court issued a warrant for Hoskins' arrest. Hoskins was eventually arrested and the district court imposed a unified term of three years, with a minimum period of confinement of one year. The district court suspended the sentence and placed Hoskins on probation. However, after sentence was imposed, Hoskins failed to check in with his probation officer. Hoskins was arrested as a

1

result. Once released on the condition that he immediately report to his probation officer, Hoskins provided a false address and subsequently absconded supervision for several months. Thereafter, the district court revoked probation, but retained jurisdiction and Hoskins was sent to participate in the rider program.

After Hoskins completed his rider, the district court relinquished jurisdiction without first conducting a hearing. Hoskins filed an I.C.R 35 motion, which the district court denied. Hoskins appeals, claiming that the district court erred by "summarily" relinquishing jurisdiction "absent a hearing" and "without full consideration" of his "condition and character," including his mental health, the "lack of seriousness" of his offense, and the "reasons behind" his crime. Hoskins also asserts the district court erred in denying his Rule 35 motion.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Moreover, the district court was not required to conduct a hearing before relinquishing jurisdiction. *See State v. Coassolo*, 136 Idaho 138, 143, 30 P.3d 293, 298 (2001); *State v. Goodlett*, 139 Idaho 262, 264, 77 P.3d 487, 489 (Ct. App. 2003). Hoskins has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Hoskins also contends that the district court erred in denying his Rule 35 motion for reduction of his sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Hoskins's Rule 35 motion, we conclude no abuse of discretion has been shown.

The orders of the district court relinquishing jurisdiction and denying Hoskins's Rule 35 motion for reduction of his sentence are affirmed.