761 P.2d 1239
**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard E. HALL, Defendant–Appellant.**

**No. 17006.**

Court of Appeals of Idaho.

Sept. 2, 1988.

THE COURT: All right, [defendant's counsel], are the terms of the settlement as agreed upon?
[DEFENDANT'S COUNSEL]: Yes, Your Honor. That conforms exactly to what the parties agreed to.
THE COURT: Very well, [plaintiff's counsel], please prepare a suggested judgment for execution by the court, submit it to [defendant's counsel] for his approval so that any questions will be resolved and then to the court and the case will be considered settled. Thank you. Court will be in recess.

Gaylen L. Box, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., by David R. Minert, Boise, for plaintiff-respondent.

## PER CURIAM.

Richard Hall appeals from an order revoking his probation and directing execution of two previously suspended sentences of imprisonment for grand theft by embezzlement. We are asked to decide whether Hall's probation was revoked improperly because he was unable to make restitution payments and whether the reinstated sentences were excessive. For reasons explained below, we affirm the order of the district court.

Hall pleaded guilty to two counts of theft by embezzlement. He had been the administrator of his uncle's estate and had misappropriated approximately $30,000, including lost interest, from the estate. Shortly after Hall pled guilty, the district court imposed two twelve-year, concurrent and indeterminate sentences. The court suspended the sentences and imposed probation. The conditions of probation included the requirements that Hall pay restitution in the amount of $300 per month, that he actively seek out and retain the employment necessary to make his restitution payments, and that he maintain close contact with his probation officer.

Hall was either unemployed or minimally self-employed when originally sentenced. He continued to have difficulty getting and holding a job. He asked for and was granted a reduction in his monthly restitution payments to $200 per month. For approximately two weeks thereafter he held a job but was terminated for tardiness and unexcused absences. He contacted the Job Service at the Department of Employment only once during his probation, even though that contact had resulted in his only job. During his seven months of probation he made one restitution payment of $100. He failed to submit one of the required monthly reports of his activities to the probation officer. Without excuse, he also missed an appointment with the probation officer.

■ A district court may, in its discretion, revoke probation at any time during the probationary period if the defendant has violated any of the terms of the probation. I.C. § 20–222. In a probation revocation proceeding two questions are posed: (1) Did the probationer violate the terms of his probation? (2) If so, does the violation justify revoking the probation? *State v. Case*, 112 Idaho 1136, 739 P.2d 435 (Ct.App. 1987); *State v. Bell*, 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982). Here it is undisputed that Hall violated several terms of his probation. On the question whether probation should have been revoked, Hall argues that his most important violation, failure to make restitution payments, was excused by his poverty. He relies upon the United States Supreme Court's decision in *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).

■ In *Bearden* the Supreme Court held that "if the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person *solely* because he lacked the resources to pay it." *Id.* at 667–668, 103 S.Ct. at 2069–2070 (emphasis added). Hall's probation was revoked for several reasons, only one of which was failure to pay restitution. But even if we disregard the other reasons, such as Hall's uncooperative behavior toward his probation officer, *Bearden* still gives him little comfort. The Supreme Court went on to say,

> a probationer's failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or

restitution may reflect an insufficient concern for paying the debt he owes to society for his crime. In such a situation, the State is ... justified in revoking probation and using imprisonment as an appropriate penalty for the offense. *Id.* at 668, 103 S.Ct. at 2070. Here, the district court specifically found that Hall had not actively sought or maintained employment. This finding was supported by substantial, albeit conflicting, evidence. In concert with the finding of nonpayment of restitution, this finding justified revoking the probation.

Hall next contends that the reimposed sentences were excessive. He argues that mitigating factors were not given sufficient weight. This was Hall's first criminal offense. He had suffered from alcohol dependency until shortly before his trial but had stopped drinking. He was unemployed when he stole the money but was married and had a stable home life. He expressed contrition for his wrongdoing.

During the original sentencing hearing the district court noted these mitigating factors. The court also noted certain aggravating factors. Several of the victims, all of whom were Hall's relatives, claimed he was repentant for having been caught, not for having stolen from his uncle's estate.

■ Grand theft by embezzlement carries a maximum sentence of fourteen years. I.C. § 18–2408(2).[1] Absent an abuse of discretion, a sentence within the statutory maximum will not be disturbed. An abuse of discretion may be shown where the sentence is unreasonable in light of the facts of the case. Reasonableness was explained in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982):

> [A] sentence of confinement is reasonable to the extent it appears necessary at the time of sentencing, to accomplish the primary objective of protecting society

and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

For the purpose of appellate review, the duration of confinement under an indeterminate sentence is deemed to be one-third of the term.[2] *State v. Toohill, supra.* Here, the postulated duration of confinement for two concurrent, twelve-year indeterminate sentences is four years.

■ When evaluating an exercise of sentencing discretion, we conduct an independent review of the record. We focus both upon the nature of the offense and upon the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

■ The offenses in this case occurred after Hall's relatives agreed that he should be appointed to administer his uncle's estate. The position of estate administrator is one of great trust. Hall used his position to further his own interests rather than those of the estate or the other heirs. Specifically, he used the money to meet his personal obligations, including his alcohol dependency. None of the money he took was saved. None was available for restitution.

With respect to Hall's character, we have noted that there were several mitigating factors. However, the district judge considered these factors, together with Hall's expressed willingness to provide restitution, when the sentences were suspended and probation was granted. The probation proved to be an abject failure, reflecting adversely upon Hall's character. Under these circumstances, we conclude that the district judge did not abuse his discretion by reinstating the twelve-year, indeterminate sentences.

---

1. The version of I.C. § 18–2408 applicable to this case was in effect from July 1, 1983, until July 1, 1987. The version in effect since July 1, 1987, has the same maximum sentence for grand theft.

2. Hall's acts of grand theft by embezzlement were committed prior to the effective date for the Unified Sentencing Act of 1986—February 1, 1987. *See* I.C. § 19–2513.

The order of the district court, revoking probation and directing execution of the sentences, is affirmed.