71 P.3d 1065

### STATE of Idaho, Plaintiff–Respondent,

v.

### David A. KNUTSEN, Defendant–Appellant.

Nos. 27346, 27641.

Court of Appeals of Idaho.

Jan. 29, 2003.

Rehearing Denied March 11, 2003.

Review Denied June 24, 2003.

Michael J. Wood, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

GUTIERREZ, Judge.

David A. Knutsen pled guilty to lewd conduct with a minor under sixteen, Idaho Code § 18–1508. Knutsen argues on appeal that his due process rights were violated during his probation revocation hearing, that the evidence was not sufficient to prove any probation violations, and that the district court abused its discretion in revoking his probation and in imposing an excessive sentence. The state raises the additional argument that the district court did not have jurisdiction under Idaho Criminal Rule 35 to grant probation after entering its order relinquishing jurisdiction. We affirm.

## I.

## FACTS AND PROCEDURAL HISTORY

Knutsen pled guilty to lewd conduct with his seven-year-old cousin. The district court imposed a unified sentence of life with fifteen years determinate and retained jurisdiction.

After receiving the addendum to the pre-sentence report from the retained jurisdiction program recommending probation, the district court held a review hearing. At that hearing, the district court determined that Knutsen was not a candidate for supervised probation. The district court, however, ordered a reduction of Knutsen's sentence to a unified term of thirty years, with seven and one-half years determinate. The district court then relinquished jurisdiction.

Knutsen thereafter moved for reconsideration of the relinquishment of jurisdiction order and also for modification of the reduced sentence under Rule 35. In support, Knutsen submitted an updated psychological evaluation and an addendum to the sex offender risk assessment and evaluation to demonstrate his ability to successfully participate in supervised probation. The updated evaluations no longer indicated that Knutsen was at high risk to re-offend and described him as amenable to rehabilitation. After a hearing, the district court suspended Knutsen's sentence and placed him on probation for ten years.

Subsequently, Knutsen violated the terms and conditions of his probation, and the district court revoked Knutsen's probation and ordered into execution his sentence of thirty years with seven and one-half years determinate.

## II.

## AUTHORITY TO GRANT PROBATION

█ We first address the state's argument that the district court did not have the authority to suspend Knutsen's sentence and place him on probation under Rule 35. The state argues that the district court could not relinquish jurisdiction and order execution of Knutsen's sentence and then later place Knutsen on probation under its Rule 35 jurisdiction. Over questions of law, we exercise free review. *State v. O'Neill,* 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

█ Where the language of a rule is plain and unambiguous, this Court must give effect to the rule as written, without engaging in statutory construction. *See State v. Rhode,*

133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. McCoy,* 128 Idaho 362, 365, 913 P.2d 578, 581 (1996).

Rule 35 states, with emphasis supplied:

The court may correct an illegal sentence at any time and may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may *reduce* a sentence within 120 days after the filing of a judgment of conviction or within 120 days after the court releases retained jurisdiction. The court may also reduce a sentence upon revocation of probation or upon motion made within fourteen (14) days after the filing of the order revoking probation. Motions to correct or *modify* sentences under this [r]ule must be filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction and shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion; provided, however that no defendant may file more than one motion seeking a reduction of sentence under this Rule.

By its plain language, Rule 35 grants a district court the authority within a limited period of time to reduce or modify a defendant's sentence after relinquishing jurisdiction. To "reduce" means to diminish in size, amount, extent or number, or to make smaller, lessen or shrink. WEBSTER'S THIRD NEW INTERNA-TIONAL DICTIONARY 1905 (1993). To "modify" means to make more temperate and less extreme, or to lessen the severity of something. *Id.* at 1452. Thus, under the plain meaning of its language, Rule 35 authorizes a district court to diminish, lessen the severity of, or make more temperate a defendant's sentence. An order placing a defendant on probation lessens the severity of a defendant's sentence and thus falls within the district court's authority granted by Rule 35. Other state jurisdictions have held likewise in interpreting similar rules for reduction of sentence. *See State v. Knapp,* 739 P.2d 1229, 1231–32 (Wy.1987) (similar rule of criminal procedure authorizes reduction of a sentence of incarceration to probation); *People v. Santana,* 961 P.2d 498, 499 (Co.Ct.App.1997) (grant of probation is a "reduction" under Colorado Cr. R. 35(b)).

The state argues for construing Idaho's Rule 35 in accordance with the cases interpreting former Federal Rule of Criminal Procedure 35, which *was* similar in language.[1] *See State v. Chapman,* 121 Idaho 351, 352, 825 P.2d 74, 75 (1992).[2] However, we conclude that the interpretation of Federal Rule 35 is not controlling in the instant case because the language of Idaho's Rule 35 is distinguishable. The former Federal Rule 35 did not use the term "modify" in describing a reduction of sentence as is currently provided in Idaho Rule 35.

Moreover, the federal cases are inconsistent in holding that Federal Rule 35 prohibited granting probation prior to its 1979

---

1. Prior to the 1979 amendment, Federal Rule 35(b) stated:

> (b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon the affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time.

Federal Rule 35 was amended in 1979 to make clear that the term "reduce" meant that the federal courts had the authority to grant probation under the Rule. The 1979 amendment added the following sentence to the end of Federal Rule 35:

> "Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision."

Since 1979, Federal Rule 35 has been revised several times. Effective as of November 1, 1987, Federal Rule 35 authorizes a reduction of a sentence only if a defendant has provided substantial assistance in investigating or prosecuting another person. *See generally* Fed.R.Crim.P. 35.

2. In addition to *Chapman,* several Idaho cases have stated that Rule 35 is patterned after Federal Rule 35. *See State v. Omey,* 112 Idaho 930, 932, 736 P.2d 1384, 1386 (Ct.App.1987); *State v. Parrish,* 110 Idaho 599, 600, 716 P.2d 1371, 1372 (Ct.App.1986).

amendment.[3] For example, in *United States v. Golphin,* the court stated:

> In our judgment the power given by Rule 35 would have no meaningful effect if the Court in reducing a sentence were not free to consider all alternatives that were available at the time of imposition of the original sentence.
>
> As Chief Justice Taft sagely observed (275 U.S. at 356, 48 S.Ct at 149) Congress did not mean by the Act of 1925 (43 Stat. 1259) to subject judges "to the applications [for probation] of convicts during the entire time until the full ending of the sentences." But later in 1946 and 1966 Congress *did* decide to subject judges to such applications for 120 days after imposition of sentence.
>
> The Government concedes that it would be a permissible *reduction* of sentence if the number of years or dollars were diminished. We think the Court is likewise authorized to use any of the modern techniques of present-day penology which would have been proper at the time of original sentence, and is not limited to operations involving pecuniary or incarcerative *quanta* when effecting a reduction of sentence.
>
> Just as "by common understanding," as Justice Holmes said in *Biddle v. Perovich,* 274 U.S. 480, 486–487, 47 S.Ct. 664, 665, 71 L.Ed. 1161, 1163 (1927), imprisonment for life is a less penalty than death (although a punishment of a different sort), so we are convinced that "by common understand-

ing" probation is considered to be less severe and more lenient than imprisonment. To grant probation in lieu of imprisonment is hence obviously a reduction of the sentence. To hold otherwise would be to exalt distinctions without a difference and fly in the face of common sense and the will of Congress as embodied in Rule 35.

*Golphin,* 362 F.Supp. at 698–99. Thus, the position stated in *Golphin* undermines the state's argument.

■ The state, relying on *State v. Johnson,* 75 Idaho 157, 161, 269 P.2d 769, 771 (1954), and *State v. Ensign,* 38 Idaho 539, 544, 223 P. 230 (1924), further argues that under Idaho's sentencing scheme, once a sentence has been ordered into execution, a district court may not then alter the defendant's sentence by granting probation. *Johnson* and *Ensign,* however, were both decided prior to the adoption of Rule 35 and thus are not authoritative interpretations of Rule 35.[4] Like the retained jurisdiction program under I.C. § 19–2601(4), Rule 35 provides an exception to the expiration of the district court's jurisdiction once the execution of a sentence has been ordered. *See State v. Williams,* 126 Idaho 39, 43–44, 878 P.2d 213, 217–218 (Ct.App.1994). The purpose of extended jurisdiction under Rule 35 is to allow the district court a limited time in which to determine whether a defendant's sentence is unduly severe. *See Chapman,* 121 Idaho at 352, 825 P.2d at 75; *State v. Hernandez,* 121

---

**3.** While some courts have interpreted the previous Federal Rule 35 to permit the district court only to reduce the length of imprisonment, the Rule's advisory committee note to the 1979 amendment specifies that the additional sentence added in 1979 was to *"make it clear* that a judge may, in his discretion, reduce a sentence of incarceration to probation." *See* Fed.R.Crim.P. 35 advisory committee's note (emphasis added); *see Phillips v. United States,* 212 F.2d 327, 329–335 (8th Cir.1954) (federal rule provides jurisdiction only to reduce the length of imprisonment).

The advisory committee note further states that Rule 35 represents a change in the law from *Affronti v. United States,* 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955), and *U.S. v. Murray,* 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928), upon which the federal case decisions generally rely. *Affronti* and *Murray* focused on the Probation Act of March 4, 1925, as later codified, which could only be read as either burdening the

district courts with hearing probation applications throughout the entire period of incarceration, or as not providing any authority to district courts to deal with probation after a judgment has been executed. *See* Fed.R.Crim.P. 35 advisory committee's note; *see also* 18 U.S.C. § 3651 (codification of Probation Act provision, repealed effective November 1, 1987). The advisory committee note further discusses that Federal Rule 35 resolved this issue as it provided a strict time limitation for jurisdiction under Rule 35, *citing United States v. Golphin,* 362 F.Supp. 698, 699 (W.D.Penn.1973) (stating that Federal Rule 35 modified the *Murray* holding). *See* Fed. R.Crim.P. 35 advisory committee's note.

**4.** Rule 35 was adopted December 27, 1979, and went into effect July 1, 1980. *See generally* I.C.R. 35.

Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App. 1991).

Finally, the state cites *State v. Urias*, 123 Idaho 751, 754 n. 1, 852 P.2d 503, 506 n. 1 (Ct.App.1993), to support its argument. *See also State v. Roberts*, 126 Idaho 920, 922, 894 P.2d 153, 155 (Ct.App.1995). In *Urias*, we stated in dicta and without explanation that Rule 35 "does not provide a vehicle for 'reconsideration' of an order relinquishing jurisdiction." *Urias*, 123 Idaho at 754 n. 1, 852 P.2d at 506 n. 1. In *Roberts*, we reiterated this comment, citing the *Urias* dicta as authority. We now conclude that this statement from *Urias*, repeated in *Roberts*, was incorrect. As we have held above, the authority conferred by Rule 35 for the trial court to modify a sentence includes authority to suspend a sentence and place the defendant on probation. Rule 35 expressly authorizes sentence modification if a motion requesting such relief is filed within 120 days after entry of the order releasing retained jurisdiction. Therefore, trial courts are empowered by Rule 35 to, in substance, "reconsider" the relinquishment of jurisdiction on a timely motion from the defendant.

Accordingly, the district court had authority to suspend Knutsen's sentence and place him on probation under Rule 35.

### III.

### REVOCATION OF PROBATION

■ We next consider Knutsen's probation violation arguments. In reviewing a probation revocation proceeding, we undertake a two-step analysis. We ask whether the probationer violated the terms of his probation, and if so, whether the violation justifies revocation of the probation. *State v. Hall*, 114 Idaho 887, 888, 761 P.2d 1239, 1240 (Ct.App.1988).

■ With regard to the first step, a district court may revoke probation only upon evidence that the probationer has violated probation. *State v. Lafferty*, 125 Idaho 378, 381, 870 P.2d 1337, 1340 (Ct.App.1994). The revocation must be based upon charges sufficiently specific to inform the probationer of the probation condition or conditions alleged to have been violated. *Id.* Moreover, the probationer is entitled to a meaningful hearing to determine whether probation has been violated. *State v. Edelblute*, 91 Idaho 469, 475–78, 424 P.2d 739, 745–48 (1967). A court's finding that a violation has been proved will be upheld on appeal if there is substantial evidence in the record to support the finding. *Lafferty*, 125 Idaho at 381, 870 P.2d at 1340. In the event of conflicting evidence of the violation charged, this Court will defer to the district court to determine the credibility of witnesses. *See State v. Barton*, 119 Idaho 114, 118, 803 P.2d 1020, 1024 (Ct.App.1991); *State v. Roy*, 113 Idaho 388, 390–91, 744 P.2d 116, 118–19 (Ct.App. 1987).

■ As to the second step, the decision whether to revoke a defendant's probation for a violation is within the discretion of the district court. *Lafferty*, 125 Idaho at 381, 870 P.2d at 1340; *see* Idaho Code § 20–222. Thus, we review a district court's decision to revoke probation under an abuse of discretion standard. *Lafferty*, 125 Idaho at 381, 870 P.2d at 1340. When a district court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Unless the state shows a violation is "willful," it is fundamentally unfair for the court to revoke probation without first considering whether adequate alternative methods of punishing the defendant are available. *Id.*

Having reviewed the record, we conclude that substantial evidence exists to show Knutsen willfully violated his probation conditions. The district court determined that Knutsen had violated probation by absconding supervision, by failing to report to his probation officer, and by failing to successfully complete a substance abuse program required by his probation officer. Knutsen admitted that he missed an appointment with his probation officer, but stated that his

grandmother never gave him the message to meet with the officer. His probation officer, however, testified that his grandmother claimed to have given Knutsen the message. The probation officer also testified that she attempted to contact Knutsen, but that he was not available for several days. When the probation officer finally met with Knutsen, he admitted in a written statement that he stayed with his friends for four or five nights, and that he used drugs and alcohol during that period. The probation officer instructed Knutsen to attend a substance abuse program that evening, which Knutsen never attended. Although some evidence was conflicting, we conclude that substantial evidence exists to show that Knutsen was not following the terms of his probation by absconding supervision, by failing to report to his probation officer, and by failing to attend substance abuse counseling.

■ Knutsen also argues error in the lack of notice of certain alleged violations. The district court determined that Knutsen violated his probation conditions by having sexual contact with a minor and by being terminated from a sexual offender program. As Knutsen was not notified of these violations, proof of their breach cannot serve as the sole basis for revoking probation. *Lafferty*, 125 Idaho at 382 n. 2, 870 P.2d at 1341 n. 2. The district court may, however, consider these alleged violations in determining whether to revoke probation once a probation violation is properly shown. *Id.* Here, the district court met this requirement with its finding of three probation violations for which Knutsen received proper notice. Thus, in the probation revocation hearing, the district court considered that Knutsen had admitted to having had sexual contact with a minor, and was terminated from his sexual offender treatment for this contact. The district court also considered the failure of Knutsen's social support network to materialize. Based on the record, we conclude that the district court's ordering Knutsen's sentence into execution was within the boundaries of its discretion and consistent with applicable legal standards.

## IV.

## EXCESSIVE SENTENCE

■ Finally, we address Knutsen's argument that his unified sentence of thirty years, with seven and one-half years determinate, is excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct.App.2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). When reviewing a sentence imposed under the Uniform Sentencing Act, we treat the minimum period of incarceration as the probable duration of confinement. I.C. § 19–2513; *State v. Hodge*, 124 Idaho 927, 929, 866 P.2d 184, 186 (Ct.App.1993). Thus, we will consider the probable duration of Knutsen's confinement to be seven and one-half years.

The district court considered that Knutsen had a difficult childhood and that this was his first felony conviction. The district court also was concerned with the primary objective of protecting society. Considering the nature of the offense, Knutsen's character, and the need to protect the public, we determine the sentence was reasonable. We therefore find no abuse of discretion in the district court's sentence.

## V.

## CONCLUSION

We conclude the district court had authority pursuant to Rule 35 to place Knutsen on probation after relinquishing jurisdiction. We conclude that substantial evidence supports the district court's determination that probation violations existed and that the district court did not abuse its discretion in revoking Knutsen's probation and ordering into execution the previously imposed sentence. Finally, we conclude that the district court did not abuse its discretion in imposing a unified sentence of thirty years with seven and one-half years fixed. Accordingly, the order of the district court revoking probation and ordering into execution Knutsen's sentence is affirmed.

Chief Judge LANSING and Judge PERRY, concur.