IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38815

| CHARLES T. McCULLOCH, | ) | 2013 Unpublished Opinion No. 433 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 5, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Judgment summarily dismissing post-conviction relief action, affirmed.

Charles T. McCulloch, Nampa, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

LANSING, Judge

Charles T. McCulloch appeals from the summary dismissal of his petition for post-conviction relief. We affirm.

## I.

## BACKGROUND

McCulloch pleaded guilty to burglary in violation of Idaho Code § 18-1401. On April 20, 2009, the district court sentenced him to a unified term of ten years, with a minimum period of confinement of five years and retained jurisdiction for 180 days. McCulloch was placed at the North Idaho Correctional Institution (NICI) for the retained jurisdiction period and arrived at that facility on May 18, 2009.

Less than three months later, the facility filed an Addendum to the Presentence Investigation Report (APSI) recommending relinquishment of jurisdiction. The reasons for the recommendation were, in general summary, that McCulloch refused to follow basic rules and

was generally argumentative and difficult with staff members. McCulloch declined the opportunity to provide a mitigating statement to the court for inclusion in the APSI. On August 14, 2009, the district court relinquished jurisdiction without a hearing. On August 28, 2009, McCulloch filed an Idaho Criminal Rule 35 motion seeking reduction of his sentence and further requested a hearing. The district court denied the motion. McCulloch appealed, asserting that the district court abused its discretion by imposing an excessive sentence, by relinquishing jurisdiction, and by denying his Rule 35 motion. This Court affirmed. *State v. McCulloch*, Docket No. 37193 (Ct. App. July 22, 2010) (unpublished).

While that appeal was pending, McCulloch filed this action for post-conviction relief. He asserted that the district court violated his due process rights by relinquishing jurisdiction without a hearing and that his appointed trial counsel was ineffective for failing to give McCulloch notice that the district court had relinquished jurisdiction. The district court dismissed the claims and entered judgment for the State. McCulloch appeals.

## II.

## STANDARDS OF REVIEW

In an action for post-conviction relief, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts,

together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho

367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the United States Supreme Court explained that a claim asserting violation of the Sixth Amendment right to effective counsel has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

To establish ineffectiveness, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. *See also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000).

## III.

## ANALYSIS

McCulloch's amended petition asserted a number of claims for relief, all relating to the district court's relinquishment of jurisdiction without a hearing. He asserted that his right to due process was violated by the relinquishment of jurisdiction without a hearing, especially where the NICI staff assured him that "he would have an opportunity to be taken before the district court sentencing judge to explain" why jurisdiction should not be relinquished. McCulloch further contended that his defense counsel was ineffective for failing "to provide notice to [him] of the court relinquishing jurisdiction" and that "without a hearing, [he] did not have an opportunity to personally address the issues raised" by the NICI staff in the APSI.

The district court did not err in denying relief. In *State v. Coassolo*, 136 Idaho 138, 140-43, 30 P.3d 293, 295-98 (2001), the Idaho Supreme Court held that there is no due process right to a hearing before a court determines whether to relinquish jurisdiction or to place a defendant on probation. The decision whether to hold a hearing lies within the discretion of the district court, *id.* at 143, 30 P.3d at 298, not with the NICI staff. Moreover, if a court relinquishes

4

jurisdiction without a hearing and a defendant wishes to challenge the court's decision, he is not without recourse. In *State v. Goodlett*, 139 Idaho 262, 265, 77 P.3d 487, 490 (Ct. App. 2003) this Court explained:

> Although inmates have no right to present a written statement to the court before the court decides whether to relinquish jurisdiction, they are not without an opportunity to address the court on the issue *after* an initial relinquishment decision has been made. Within 120 days after a court relinquishes retained jurisdiction, the inmate may file a motion for reconsideration of the sentence pursuant to Idaho Criminal Rule 35. We have recently held that Rule 35 confers upon the trial court authority to reconsider an order relinquishing jurisdiction and, if the court finds it appropriate, to place the defendant on probation notwithstanding having initially ordered a sentence of imprisonment into execution. *State v. Knutsen*, 138 Idaho 918, 71 P.3d 1065 (Ct. App. 2003), *review denied.* Therefore, a defendant may use a Rule 35 motion as recourse if the trial court relinquishes jurisdiction on the basis of an APSI to which the defendant had no chance to respond.

That is precisely what McCulloch did in this case. As the district court held, McCulloch suffered no prejudice from his counsel's failure to notify him of the court's order relinquishing jurisdiction; McCulloch personally filed a timely Rule 35 motion. Through the motion and supporting materials, McCulloch presented mitigating information and requested both reconsideration of his sentence and a hearing. In an affidavit in support, he told the court that he had finished all classes while on retained jurisdiction and had received certificates of completion, but admitted that he "butted heads all the way through my rider with case workers and group members." Though the motion was denied, McCulloch had his opportunity to personally address the district court and explain why, in his view, jurisdiction should not be relinquished.

McCulloch has failed to show district court error in the dismissal of his petition for post-conviction relief. The court's judgment of dismissal is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**