**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 48129/48130**

| | |
|---|---|
| **STATE OF IDAHO,** | ) |
| | ) **Filed: December 15, 2021** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| **JAMES HENRY REILLY,** | ) |
| | ) |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Orders denying motions to reconsider relinquishment of jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

James Henry Reilly appeals from the district court's orders denying his motions for reconsideration of relinquishment of jurisdiction. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In these consolidated appeals, Reilly pled guilty to attempted strangulation, Idaho Code § 18-923 (Docket No. 48129), and issuing an insufficient funds check, I.C. § 18-3106(b) (Docket No. 48130). The district court sentenced Reilly to a unified term of eight years with four years determinate for attempted strangulation; a unified term of two years with one year determinate for issuing an insufficient funds check; and retained jurisdiction in each case. These sentences were ordered to be served concurrently.

Reilly timely filed a motion for reduction of sentence pursuant to Idaho Criminal Rule 35 in the insufficient funds case. Reilly filed an untimely I.C.R. 35 motion in the attempted strangulation case. Both motions were denied.

1

In an addendum to the presentence investigation report (APSI), the Idaho Department of Correction recommended that the district court relinquish jurisdiction. After reviewing the APSI, the district court relinquished jurisdiction. Reilly subsequently filed motions under I.C.R. 35[1] for reconsideration of the orders relinquishing jurisdiction contending that the APSI contained "significant errors." The district court denied both motions for reconsideration. Reilly appeals.

## II.

## ANALYSIS

Reilly claims that the district court erred in denying his motions for reconsideration. Specifically, "mindful" that a timely I.C.R. 35 motion was filed in the insufficient funds case, Reilly contends that the district court erred by holding that it did not have the authority to grant the relief requested in the motions to reconsider the orders relinquishing jurisdiction and abused its discretion by failing to grant relief.

As an initial matter, Reilly acknowledges that a timely I.C.R. 35 motion seeking a sentence reduction was filed and denied in the insufficient funds case prior to the filing of the motion for reconsideration from which he appeals. Before the district court, Reilly asserted that he filed the motion for reconsideration under I.C.R. 35, and the district court interpreted the motion as an I.C.R. 35 motion seeking a sentence reduction. On appeal, Reilly does not challenge this interpretation.

Idaho Criminal Rule 35(b) provides, in relevant part:

> Within 120 days of entry of the judgment imposing sentence or order releasing retained jurisdiction, a motion may be filed to correct a sentence that has been imposed in an illegal manner or to reduce a sentence and the court may correct or reduce the sentence. . . . *A defendant may only file one motion seeking a reduction of sentence.*

(Emphasis added.) Accordingly, second motions for reduction of sentence are impermissible. *State v. Hurst*, 151 Idaho 430, 438, 258 P.3d 950, 958 (Ct. App. 2011). This Court has held that a motion for reconsideration of the denial of an I.C.R. 35(b) motion is an improper successive motion and the prohibition of successive motions is a jurisdictional limitation. *State v. Bottens*, 137 Idaho 730, 733, 52 P.3d 875, 878 (Ct. App. 2002). Because Reilly filed an I.C.R. 35 motion seeking a sentence reduction in the insufficient funds case prior to the motion to reconsider from which he

---

[1] Reilly acknowledged that the motions for reconsideration were filed under Idaho Criminal Rule 35.

2

appeals, the district court lacked jurisdiction to consider Reilly's motion to reconsider. *See Bottens*, 137 Idaho at 733, 52 P.3d at 878. Consequently, the denial of Reilly's motion for reconsideration in the insufficient funds case was not error.

This leaves the denial of Reilly's motion for reconsideration in the attempted strangulation case. Despite acknowledging the filing of a prior untimely I.C.R. 35 motion in the attempted strangulation case, Reilly argues in a footnote that the prior filing of an untimely I.C.R. 35 motion does not preclude the later filing of a timely motion as the district court lacked jurisdiction to consider the untimely motion and, thus, the district court's order denying the motion is void. The State does not directly respond to this argument. We need not resolve this issue. Even assuming the district court had jurisdiction, Reilly's claim fails because, as set forth below, I.C.R. 35 is not a proper vehicle to seek reconsideration of the trial court's relinquishment of jurisdiction.

Reilly contends that the district court erred by concluding that it lacked authority to reconsider its decision to relinquish jurisdiction. According to Reilly, his motions for reconsideration of the orders relinquishing jurisdiction were actually requests to have his sentence reduced to probation that the district court could grant under I.C.R. 35. We disagree.

The district court determined that it did not have authority to reinstate jurisdiction after relinquishment. In doing so, it relied on the Idaho Supreme Court's holding in *State v. Flores*, 162 Idaho 298, 396 P.3d 1180 (2017). After the district court relinquished jurisdiction, Flores filed a Rule 35 motion requesting the district court to reinstate jurisdiction so that he could complete the retained jurisdiction program. The Idaho Supreme Court held that Rule 35 does not create a general basis for requesting reconsideration of an order or a judgment in the criminal context. Rule 35 only permits the correction, modification, or reduction of criminal sentences in some instances. *Flores*, 162 Idaho at 301, 396 P.3d at 1183. A motion for reconsideration of an order relinquishing jurisdiction is not within the ambit of the rule.

Although not cited by Reilly, we note two cases that are inconsistent with *Flores*. In *State v. Knutsen*, 138 Idaho 918, 71 P.3d 1065 (Ct. App. 2003), this Court held that "trial courts are empowered by Rule 35 to, in substance, 'reconsider' the relinquishment of jurisdiction on a timely motion from the defendant." *Id.* at 923, 71 P.3d at 1070. There, relying on Webster's Third New International Dictionary 1905 (1993), we stated that the term "reduce" used in Rule 35 "means to diminish in size, amount, extent or number or to make smaller, lessen or shrink." *Knutsen*, 138

Idaho at 921, 71 P.3d 1068.[2]   We held that "an order placing a defendant on probation lessens the severity of a defendant's sentence and thus falls within the district court's authority granted by Rule 35." *Id*.

Also, in *State v. Goodlett*, 139 Idaho 262, 77 P.3d 487 (Ct. App. 2003), this Court stated: "We have recently held that Rule 35 confers upon the trial court authority to reconsider an order relinquishing jurisdiction and, if the court finds it appropriate, to place the defendant on probation notwithstanding having initially ordered a sentence of imprisonment into execution." *Id.* at 265, 77 P.3d at 490.   There, the district court summarily relinquished jurisdiction after receiving an APSI.  Goodlett then filed a Rule 35 motion challenging the accuracy of the APSI and seeking placement on probation or reinstatement to the retained jurisdiction program or, in the alternative, a reduction of her sentence. *Goodlett*, 139 Idaho at 263, 77 P.3d at 488.   The *Goodlett* Court first analyzed prior Idaho Supreme Court case law and concluded that pursuant to the Idaho Supreme Court's decision in *State v. Coassolo*, 136 Idaho 138, 30 P.3d 293 (2001), "a defendant is not entitled to an opportunity to respond to information in the APSI upon a review of retained jurisdiction." *Goodlett*, 139 Idaho at 265, 77 P.3d at 490.   Thereafter, the *Goodlett* Court concluded that "a defendant may use a Rule 35 motion as recourse if the trial court relinquishes jurisdiction on the basis of an APSI to which the defendant had no chance to respond." *Id*.   We read *Flores* as overruling *Knutsen* and *Goodlett* to the extent they authorize trial courts to grant probation after relinquishing jurisdiction.

Reilly's attempt to avoid the holding in *Flores* is unavailing.  In *Flores*, the Court expressly stated that "Flores's request for jurisdiction to be reinstated does not constitute a correction, modification, or reduction of a criminal sentence.  Thus, Rule 35 is inapplicable." *Flores*, 162 Idaho at 301-02, 396 P.3d at 1183-84.  Reilly claims that this case is distinguishable from *Flores* because he "never specifically requested that jurisdiction be reinstated by the district court."  In his motions for reconsideration, Reilly did not specifically request to be reinstated on retained jurisdiction, granted another period of retained jurisdiction, or placed on probation, but asked for reconsideration of relinquishment.   However, on appeal, he argues that the most logical interpretation of his motions was that he was requesting probation.  Thus, according to Reilly, his request falls outside the ambit of *Flores*.

---

[2]   The *Knutsen* Court also defined the term "modify" which was used in I.C.R. 35 at the time, but the current version of I.C.R. 35 does not contain that word.

4

First, this argument overlooks the broad holding in *Flores* that I.C.R. 35 does not create a general basis for requesting reconsideration of an order or a judgment in the criminal context. *Flores*, 162 Idaho at 301, 396 P.3d at 1183. Yet, Reilly attempts to do just that: seek reconsideration of the district court's relinquishment order. The *Flores* Court stated: "In fact, there is no criminal procedural rule that provides a basis to reconsider a decision of this kind," i.e., relinquishing jurisdiction. *Id*. at 302 n.1, 396 P.3d at 1184 n.1.

Second, that Reilly may have been requesting reconsideration in order to be placed on probation does not distinguish the holding in *Flores*. In *Flores*, the Court noted that Rule 35 only permits the correction, modification, or reduction of criminal sentences in some instances. *Flores*, 162 Idaho at 301-02, 396 P.3d at 1183-84. The motion for reconsideration for reinstatement of jurisdiction did not fit within the ambit of I.C.R. 35. A request for probation and a request for reinstatement are not different in kind under I.C.R. 35. Although in *Knutsen* this Court held that a grant of probation would "lessen the severity" of a sentence and, therefore, fit within the correction, modification, or reduction language in I.C.R. 35, a grant of reinstatement (which then could result in probation) would similarly lessen the severity from execution of Flores's sentence under the *Knutsen* analysis. But, the Supreme Court disagreed in *Flores*.

As stated above, the Idaho Supreme Court held in *Flores* that a trial court cannot, pursuant to I.C.R. 35, reinstate jurisdiction already relinquished under I.C. § 19-2601(4). *Flores*, 162 Idaho at 301, 396 P.3d at 1183. Nor can a trial court place a defendant on a second period of retained jurisdiction, absent an intervening period of probation. *Id.* at 302, 396 P.3d at 1184. The flaw in Reilly's argument is that if the district court did anything other than change the length of sentence, by necessity, the district court would be reinstating its relinquished jurisdiction to grant some form of relief other than commitment to the board of correction. Hence, Reilly's argument that trial courts can reduce prison sentences to probation under I.C.R. 35 after relinquishing jurisdiction, despite lacking the ability to reinstate jurisdiction, exalts form over substance and contravenes the holding in *Flores*.

A trial court cannot apply I.C.R. 35 to grant a defendant probation after jurisdiction has expired or was relinquished. For the above reasons, we hold that Reilly has failed to show error in the district court's denial of his motion for reconsideration in the attempted strangulation case.

**III.**

**CONCLUSION**

The district court did not err in denying Reilly's motions for reconsideration. The orders of the district court denying Reilly's motions for reconsideration are affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.