# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49331

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: February 2, 2023 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| CHRISTOPHER RAY CANALES, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Order revoking probation and directing execution of previously suspended sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Christopher Ray Canales appeals from the district court's order revoking his probation and executing his previously suspended sentence. Canales argues the district court's finding that he violated the terms of his probation is not supported by substantial and competent evidence and, alternatively, the court abused its discretion in revoking probation. Because the district court did not err in finding Canales violated the terms of his probation or abused its discretion in revoking his probation, the order revoking Canales' probation and executing his previously suspended sentence is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Canales pleaded guilty to felony driving under the influence (DUI), third offense, Idaho Code §§ 18-8004, -8005(5). The district court imposed a unified term of five years, with three years determinate, but after a retained jurisdiction, suspended the sentence and placed Canales on probation for five years.

In 2013, the State filed a report of probation violation. Canales admitted to violating the terms of his probation by getting arrested for possession of marijuana and driving without privileges and by using marijuana on the same date. The district court found Canales violated the terms and conditions of his probation and continued him on probation for five years with additional terms. In 2017, the State filed a report of probation violation alleging Canales violated the terms of his probation by being charged with injury to a child, consuming alcohol, and failing to pay fines, fees, restitution, and costs of his supervision. Canales admitted to the violations; the district court found Canales violated the terms of his probation and continued him on probation for an additional three years.

In 2020, the State filed another report of probation violation (initial report), alleging Canales violated the terms of his probation by being cited in Montana for possession of marijuana and drug paraphernalia, operating a car without liability insurance, and careless driving. The State additionally alleged Canales violated the terms of his probation by operating a car without an interlock device. Prior to a hearing on the alleged violations, the State filed an addendum to the probation violation report (addendum report), alleging Canales violated the terms of his probation by being cited in Bingham County, Idaho, for driving under the influence, possession of drug paraphernalia, driving too closely, and failing to provide proof of insurance. The State additionally alleged Canales violated the terms of his probation by consuming alcohol and failing to engage in treatment, obtain permission prior to changing his residence, report to his probation officer, and provide proof of installation of an interlock device.

The district court held a hearing on the alleged probation violations via Zoom. After discussion with Canales, Canales' counsel explained Canales would admit to the first allegation in the addendum report (the first offense DUI and the two traffic infractions), as well as the allegations that he failed to engage in treatment and failed to report to his probation officer on August 2. For the remaining allegations, Canales would admit to two of the allegations in part and

2

deny the remaining three allegations. The State indicated it would proceed on the allegations Canales agreed to admit and withdraw the remaining allegations.

The district court read the first probation allegation in the addendum report and asked Canales whether he admitted or denied the allegation. Canales stated, "I know for sure I got a first-offense DUI," but he believed he "took care of" the two traffic infractions. While the district court and Canales were discussing the traffic infractions, the Zoom connection was compromised so the court continued the hearing to a later date indicating it would take the admissions at that time. Before the next hearing, the State filed another addendum (second addendum report) to the report of violation.

At the subsequent hearing, the district court proceeded to disposition and did not take Canales' admissions; neither the State nor Canales' trial counsel objected. The district court declined to address or consider the second addendum report at the disposition hearing. The district court stated, "I'm just going to consider the probation violation report to which you entered admissions last time we were on the Zoom hearing. Okay?" to which Canales responded, "Yes, sir." The district court continued, noting Canales had not performed well while on probation and had been on probation for the maximum period of time authorized by law. Accordingly, the district court found that if it wanted to impose any consequences as a result of Canales' behavior during probation, its only choice was to revoke probation and impose the underlying sentence. The district court entered an order revoking Canales' probation and executing the previously suspended sentence. Canales timely appeals.

## II.

### STANDARD OF REVIEW

Review of a probation revocation proceeding involves a two-step analysis. *State v. Garner*, 161 Idaho 708, 710, 390 P.3d 434, 436 (2017). We first determine whether the terms of probation have been violated. *Id.* Because a trial court may revoke probation only upon evidence that the probationer has violated probation, a court's finding that a violation has been proved will be upheld on appeal if there is substantial evidence in the record to support the finding. *State v. Knutsen*, 138 Idaho 918, 923, 71 P.3d 1065, 1070 (Ct. App. 2003). The State bears the burden of providing satisfactory proof of a violation, though proof beyond a reasonable doubt is not required. *State v. Edelblute*, 91 Idaho 469, 480, 424 P.2d 739, 750 (1967).

If substantial evidence supports the trial court's finding of a probation violation, we then determine whether the violation justifies revocation of the probation. *Garner*, 161 Idaho at 710, 390 P.3d at 436. With regard to this second step, the decision whether to revoke a defendant's probation for a violation is within the discretion of the trial court. *Knutsen*, 138 Idaho at 923, 71 P.3d at 1070. Thus, we review a trial court's decision to revoke probation under an abuse of discretion standard. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Canales alleges the district court's finding that he violated the terms of his probation is not supported by substantial and competent evidence because the court never "formally accepted" his admission to a probation violation. Alternatively, Canales argues the district court abused its discretion when it revoked his probation and executed the underlying sentence. In response, the State contends the district court did not err.

**A.** **District Court's Finding of a Probation Violation Is Supported by Substantial and Competent Evidence**

Canales alleges the district court's finding that he violated the terms of his probation is not supported by substantial and competent evidence because the court never "formally accepted" his admission to a probation violation. We disagree.

Idaho Criminal Rule 33(f) prohibits a court from revoking probation "unless there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation." However, nothing in I.C.R. 33(f) requires a trial court to "formally accept" a defendant's admission to a probation violation in order for the court's finding of a probation violation to be supported by substantial and competent evidence, and Canales does not cite to any authority holding as such in support of this argument.

While it is true that in other contexts a trial court provides a colloquy to ensure that a defendant's guilty plea meets various constitutional standards, in this case Canales explicitly

4

declines to pursue a constitutional claim on appeal or assert that his probation violation admission was not knowingly, intelligently, and voluntarily made. Thus, while whether the district court formally accepted Canales' admission would be relevant to a due process argument, because Canales expressly declines to make a due process argument on appeal, we decline to import a due process analysis into the "substantial evidence" standard set forth above.

Instead, we will address whether there is substantial evidence supporting the district court's conclusion that Canales admitted to violating a term of his probation. "[S]ubstantial and competent evidence exists if there is evidence in the record that a reasonable trier of fact could accept and rely upon in making the factual finding challenged on appeal." *State v. Ish*, 166 Idaho 492, 509, 461 P.3d 774, 791 (2020).

At the beginning of the probation violation admit/deny hearing, the district court noted it waited to set the hearing until the Bingham County DUI was resolved. The court understood that a judgment of conviction had been entered against Canales for that DUI and Canales' counsel confirmed that the district court's understanding was correct. Canales' counsel then asked the district court for a moment to speak with Canales privately about how they were going to proceed. After discussion with Canales, Canales' counsel told the district court Canales was prepared to admit to the associated probation violation for this conviction. The district court then read verbatim the first probation violation allegation in the addendum report:

Court:   It says on August 1 of 2020, you were involved in an accident in Blackfoot[1] and were cited with driving under the influence, drug paraphernalia, failure to provide proof of insurance, and driving too closely. They list the case numbers there.
Do you admit that you pled guilty or were found guilty of driving under the influence, the drug paraphernalia was dismissed, and that you pled guilty or were found guilty of failure to provide proof of insurance and driving too closely?

Canales:   Yes, sir. Because like I said, I'm not--like I know for sure I got a first-offense DUI and they did drop the possession. I'm not for sure--I don't know for sure per se if I got a no-insurance ticket or a following too closely, but for sure on the DUI. I don't know if you see it on your end.

Court:   Okay. Well, I thought you were going to admit the following too closely and--

Canales:   No. No. No. I am. I am. Sorry.
(Cross talk.)

Canales:   I am. I'm sorry.

---

[1]     Blackfoot is a city located in Bingham County, Idaho.

5

Court:      As the state of the record is on the iCourt system, it says you defaulted a following-too-close infraction and a no-insurance infraction in 2020.

Canales:   Okay.

Court:      And those defaults mean you didn't show up for court and they just entered judgment against you.
So does that sound right to you?

Canales:   Was that here in Bingham County?

Court:      Bingham County. Yes, sir.

Canales:   I believe so, because I was unaware of it. So I took care of it I thought, but . . .

Court:      Well, are you admitting you didn't take care of it or not?

Canales:   No. I did take care of it. Yes, I did. Sorry.

Court:      You did or did not take care of it?

Canales:   I did take care of it.

Court:      We're having a hard time understanding you. Did or did not?

Canales:   I did.

After Canales again said he thought he had taken care of the two infractions, the district court continued the hearing, stating:

Court:      I'm going to set you for admissions and dispositions--and disposition on this on November 22[2] at 8:30 in the morning.

Canales:   Okay.

Court:      And you have to appear in person here at the courthouse for that admission and disposition hearing.

Canales:   Okay.

Court:      The sound system here is such that I can't understand you. I'm not sure if you're understanding me, but we are going to just move this to--those things that you're going to admit to, the State will withdraw some of those things you're denying, and then we'll do the disposition then. But we'll do it here in the courtroom on November 22nd so,--

Canales:   Okay.

. . . .

Court:      [W]e'll have you come in and we'll take your admissions, and the State will dismiss those things that you are going to deny, and we will do disposition on that day.

From this exchange, the record demonstrates Canales admitted on the record that he had violated the terms of his probation by being convicted of DUI in Bingham Country while on probation. The only confusion was whether Canales had defaulted on the two infractions. In addition to Canales' admission, the district court could see that a judgment of conviction was entered in Bingham County against Canales for DUI and Canales' counsel confirmed that Canales

---

2      The district court subsequently moved the date to November 24, 2021.

had been convicted of that offense. Accordingly, the district court's finding that Canales was convicted of a DUI and, thus, violated the terms of his probation, is supported by substantial and competent evidence.

**B.    The District Court Did Not Err in Revoking Canales' Probation and Imposing the Underlying Sentence**

Canales also alleges the district court abused its discretion in revoking his probation and executing his previously suspended sentence because "proper consideration of the information that was before the district court supported his request to be released back onto probation." Specifically, Canales argues the revocation of his probation was an abuse of discretion because he had been participating in misdemeanor probation for his DUI conviction in Bingham County without any violations, had been doing community service, and was planning on attending any evaluations requested by his probation officer.[3]

In determining whether to revoke probation a trial court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 325, 327 (Ct. App. 1992); *Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (1988). The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

---

[3]    Canales additionally alleges the district court "may" have based its decision to revoke his probation on the November 2021 addendum and on its unsupported belief that Canales had been driving prior to both probation violation hearings. However, the district court expressly stated it would not consider the November 2021 addendum, accepted Canales' assertion that he had not driven to his previous court hearing, and stated it did not want Canales to admit if he drove to the November 24, 2021, hearing. As such, we do not find that the district court considered this information when deciding to revoke Canales probation and will not address these contentions further.

To the extent Canales' assertion that "proper consideration of the information that was before the district court supported his request to be released back onto probation" is a request to re-weigh the evidence presented on appeal, we decline to do so. *See State v. Clark*, 168 Idaho 503, 507, 484 P.3d 187, 191 (2021) (where there is competent evidence to sustain verdict, this Court will not reweigh that evidence). However, to the extent that Canales' argument is an allegation that based on the record before it, the district court abused its discretion by revoking probation, we disagree.

The record before the district court showed that throughout his almost ten years on probation, Canales continued to violate the terms of his probation and engage in criminal activity. In 2013, two years after being released on probation from his period of retained jurisdiction, Canales violated the terms of his probation by being cited for possessing marijuana and driving without privileges. Four years later, in 2017, Canales violated the terms of his probation by being charged with injury to a child, consuming alcohol, and failing to pay fines, fees, restitution, and the costs of his supervision. Then in 2020, Canales violated the terms of his probation by committing a DUI.

In addition to these probation violations, the district court took judicial notice of other criminal behavior for which Canales' probation officer did not file probation violation reports: driving without privileges conviction in 2012; two driving without privileges convictions in 2013; two driving without privileges convictions in 2014; driving with an expired license conviction in 2016; failure to notify of striking a fixture on the highway conviction and failure to purchase a driver's license in 2017; driving without a license, failing to provide proof of insurance, and possession of drug paraphernalia in 2018; failure to provide proof of insurance, driving without a license, and a speeding ticket in 2019; DUI, no insurance, following too close, and driving without a license in 2020; and later in 2020 another driving without privileges. Taking this information into account, the district court explained Canales had done "a crummy probation, the worst I've seen in terms of probation officer's follow-up"; "[t]he fact that you got the DUI is first and foremost in my mind"; and driving under the influence "puts you and everybody on the highway at risk. You're going to drive no matter what I do." The district court noted it had to:

> look at protection of society, your rehabilitation obviously didn't take place on this probation, deterrence of you and others, and the need for punishment. The need for punishment has been hanging over your head the whole time. You were not deterred by anything that happened with probation.

8

So it's going to be the judgment of the Court that I'm going to impose sentence at this time.

Taking into account the record before it, the district court found probation had not served either of the goals of rehabilitation or protection of society. The district court found Canales was not deterred from his criminal behavior throughout his probation and Canales continued to drive in violation of Idaho laws, including driving while under the influence of alcohol which put society at risk. As such, the district court properly weighed the factors guiding its decision and found that the protection of society, rehabilitation, deterrence, and the need for punishment supported its decision to revoke Canales' probation and impose the underlying sentence.[4] The district court acted consistently with the legal standards applicable to the specific choices before it and reached its decision by an exercise of reason. Accordingly, the district court did not abuse its discretion in revoking Canales' probation and executing the previously suspended sentence.

## IV.

## CONCLUSION

Substantial and competent evidence supports the district court's finding that Canales violated the terms of his probation, and the district court did not abuse its discretion by revoking his probation. The order revoking probation and directing execution of Canales' previously suspended sentence is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[4] While we note the district court stated Canales had "entered admissions" at the previous Zoom hearing even though Canales admitted to only a single allegation--driving under the influence in Bingham County. However, only one probation violation is required for a trial court to revoke a defendant's probation, *see State v. Ross*, 170 Idaho 58, 62, 507 P.3d 545, 549 (2022) (holding to revoke defendant's probation, it must be proved that *a* violation of terms of probation has occurred), and it is clear from the record that the district court would have revoked probation based on Canales' admission to driving under the influence in Bingham Country.